Jesse S. Johnson (to seek admission *pro hac vice*)
Florida Bar No. 69154
GREENWALD DAVIDSON RADBIL PLLC
7601 N. Federal Hwy., Suite A-230
Boca Raton, FL 33487
Telephone: 561-826-5477
jjohnson@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Grantham, on behalf of himself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Hammerman & Hultgren, P.C., <br><br> Defendant. <br> _____ | ) Case No. <br> ) <br> ) <br> ) <br> ) **CLASS ACTION COMPLAINT AND** <br> ) **TRIAL BY JURY DEMAND** <br> ) <br> ) <br> ) <br> ) <br> ) |

1

**Nature of the Action**

1. Christopher Grantham ("Plaintiff") brings this class action against Hammerman & Hultgren, P.C. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, for the benefit of Arizona consumers who have been subjected to improper debt collection efforts by Defendant.

2. By way of background, Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

3. The Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained: "Harmful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Today, approximately half of all debt collection complaints received by the CFPB involve debt collectors' attempts to collect debts that consumers do not owe.[2]

5. To address this problem, the FDCPA requires debt collectors to send consumers a "validation notice" at the outset of the relationship containing certain prescribed disclosures about the consumers' alleged debts and their rights with respect to those debts. 15 U.S.C. § 1692g(a).

---

[1] *See* Brief for the CFPB as Amicus Curiae, ECF No. 14 at 2, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), available at http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 4, 2021).

[2] *See* Consumer Financial Protection Bureau, *Fair Debt Collection Practices Act Annual Report 2021*, at 19 (2021), available at https://www.consumerfinance.gov/data-research/research-reports/fair-debt-collection-practices-act-annual-report-2021/ (last visited June 4, 2021).

6. A debt collector must send this notice "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," unless the required information was "contained in the initial communication or the consumer has paid the debt." *Id.*

7. The CFPB and the Federal Trade Commission have noted that "this validation requirement was a 'significant feature' of the law that aimed to 'eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.'" *Hernandez*, No. 14-15672, at 5 (quoting S. Rep. No. 95-382, at 4 (1977)).

8. Pertinent here, the validation notice must advise the consumer that if he disputes the debt or requests the name of the original creditor *in writing*, the debt collector will obtain verification of the debt, or the necessary creditor information, and mail it to him. 15 U.S.C. §§ 1692g(a)(4)-(5).

9. Further, if the consumer disputes the debt in writing within thirty days of receiving such a notice, the debt collector must also "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt" and mails it to the consumer. *Id.*, § 1692g(b).

10. This case centers on Defendant's failure to properly provide the disclosures required by sections 1692g(a)(4) and g(a)(5) in its initial written communications to Arizona consumers, or within five days thereafter.

**Jurisdiction and Venue**

11. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's action occurred in this district, and as Defendant maintains its principal place of business in this district.

3

**Parties**

13. Plaintiff is a natural person who, at all relevant times, resided in Maricopa County, Arizona.

14. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

15. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a loan for purchase of a recreational vehicle (the "Debt").

16. Defendant is a law firm headquartered in Phoenix, Arizona.

17. Defendant bills itself "[t]he leader in collection services in Phoenix and beyond," claiming to have "emerged as Arizona's premier creditor and collection law firm, in the eyes of both the local and national legal communities."[3]

18. Defendant describes itself as "a full-service collection law firm with state-of-the-art equipment" and "an experienced collection staff which attempts to resolve accounts prior to litigation, negotiates payment arrangements once suit is filed, and, once the account is reduced to judgment, looks to enforce to collect the balance."[4]

19. Defendant represented to Plaintiff in written correspondence to him that it is a debt collector.

20. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

---

[3] http://hammerman-hultgren.com/ (last visited June 4, 2021).

[4] http://hammerman-hultgren.com/services/collections/ (last visited June 4, 2021).

21. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it was in default from the time that Defendant acquired it for collection.

22. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

23. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Factual Allegations**

24. On or about March 31, 2021, Defendant sent a written communication to Plaintiff in connection with the collection of the Debt.

25. A true and correct copy of the March 31 communication is attached as Exhibit A.

26. This March 31 communication to Plaintiff was the first communication Plaintiff received from Defendant.

27. Plaintiff did not receive any other communications from Defendant within five days of the March 31 communication.

28. Defendant's March 31 letter begins: "This office represents **MS Services LLC** regarding your past due account with them." Ex. A.

29. Pertinent here, the letter continues:

> Please note that unless you dispute said debt, or any portion thereof, within thirty (30) days after your receipt of this letter, this office shall assume the validity of this debt. *Upon your request within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment. Furthermore, upon your request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor.*

*Id.* (emphasis added).

5

30. Defendant's March 31 letter also advises, "If you are interested in resolving this matter, please contact me at (602) 264-2566, Ext. 1040. If you are outside of the Maricopa County area please call 1-888-264-2566 Ext. 1040." *Id.*

31. Following the signature of Stanley M. Hammerman, Defendant states in capitalized bold lettering: "**THIS LETTER IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**" *Id.*

### Class Action Allegations

32. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of a class defined as:

> All persons (a) with an address in Arizona, (b) to whom Hammerman & Hultgren, P.C. mailed an initial debt collection communication not known to be returned as undeliverable, (c) in connection with the collection of a consumer debt, (d) within one year preceding the date of this complaint, (e) and which stated: (1) "Upon your request within such thirty-day period that this debt, or any portion thereof, is disputed, this office shall obtain verification of the debt or a copy of a judgment, if any, against you and mail you a copy of such verification or judgment," and/or (2) "upon your request within said thirty-day period, this office shall provide you with the name and address of the original creditor, if different from the current creditor."

33. Excluded from the class is Defendant, its officers and directors, and any entity in which Defendant has or had a controlling interest.

34. The proposed class satisfies Rule 23(a)(1) because, upon information and belief, it is so numerous that joinder of all members is impracticable.

35. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

36. The proposed class is ascertainable because it is defined by reference to objective criteria.

6

37. In addition, the proposed class is identifiable in that, upon information and belief, the names and addresses of all members of the proposed class can be identified in business records maintained by Defendant.

38. The proposed class satisfies Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the class.

39. That is, the claims of Plaintiff and all members of the class originate from the same conduct, practice, and procedure on the part of Defendant—dissemination of form initial debt collection letters—and Plaintiff possesses the same interests and has suffered the same injuries as each member of the proposed class.

40. Plaintiff satisfies Rule 23(a)(4) because he will fairly and adequately protect the interests of the members of the class and has retained counsel experienced and competent in class action litigation.

41. Plaintiff has no interests that are contrary to, or irrevocably in conflict with, the members of the class that he seeks to represent.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since, upon information and belief, joinder of all members is impracticable.

43. Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

44. There will be no extraordinary difficulty in the management of this action as a class action.

45. Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

46. Among the issues of law and fact common to the class:

    a. Defendant's violations of the FDCPA as alleged herein;

7

      b. whether Defendant is a debt collector as defined by the FDCPA;

      c. the availability of declaratory relief;

      d. the availability of statutory penalties; and

      e. the availability of attorneys' fees and costs.

**Count I: Violation of the FDCPA, 15 U.S.C. § 1692g(a)(4)**

47. Plaintiff repeats and re-alleges the factual allegations contained in paragraphs 1 through 46.

48. The FDCPA at 15 U.S.C. § 1692g(a)(4) provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> * * * *
>
> (4) a statement that if the consumer notifies the debt collector *in writing* within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector

(emphasis added).

49. Defendant's March 31, 2021 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(4), nor did Defendant provide such disclosures within five days thereafter.

50. Specifically, the March 31 letter violated 15 U.S.C. § 1692g(a)(4) by failing to inform Plaintiff that Defendant need only mail verification of the debt to him, and a copy of any judgment, if he notified Defendant of his request *in writing*. *See* Ex. A; *accord Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869-70 (S.D. Tex. 2011) ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

8

51.	Indeed, an oral dispute does not trigger any obligation under the FDCPA for Defendant to provide verification to Plaintiff, nor does it protect Plaintiff from continued collection activities pending such verification:

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added).

52.	The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter was sent to him personally, regarded his personal alleged debt, and failed to properly give him statutorily mandated disclosures to which he was entitled.

53.	Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice apprising him of his rights under the law, which then allows the consumer to determine how best to proceed regarding the debt.

54.	But the content of Defendant's March 31 letter created a material risk of harm to those concrete interests that Congress sought to protect in enacting the FDCPA.

55.	Specifically, where a consumer is told that *any* dispute to the debt collector would result in the debt collector obtaining and sending verification of the debt, such a misstatement creates the risk that the consumer will submit his dispute orally (whether in person or over the telephone), rather than in writing, and thereby waive his rights under

9

section 1692g(b) to (1) guarantee that the debt collector provide such verification, and (2) cease any additional collection activities until it provides such verification.

56. In other words, by not informing Plaintiff that he must dispute the Debt *in writing* in order to obtain verification of the Debt—as the FDCPA requires—Defendant discouraged Plaintiff from exercising his statutory validation rights and, in so doing, risked Plaintiff foregoing his protections under 15 U.S.C. § 1692g(b).

57. Defendant's March 31 letter thus presented a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt collection practices because it provides misleading information about the manner in which Plaintiff can exercise his statutory right to obtain verification of the debt, as an oral dispute has different legal consequences than a written dispute.

58. And here, Plaintiff was at risk of detrimentally relying upon Defendant's violative letter because upon reviewing the March 31 letter, Plaintiff did not understand that only a written dispute would obligate Defendant, by law, to provide him verification of the Debt, while an oral dispute would sacrifice certain of his rights under the law.

**Count II: Violation of the FDCPA, 15 U.S.C. § 1692g(a)(5)**

59. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 46.

60. The FDCPA at 15 U.S.C. § 1692g(a)(5) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

\* \* \* \*

(5) a statement that, upon the consumer's *written* request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor

(emphasis added).

10

61. Defendant's March 31, 2021 communication did not contain the proper disclosures required by 15 U.S.C. § 1692g(a)(5), nor did Defendant provide such disclosures within five days thereafter.

62. Specifically, the March 31 letter violated 15 U.S.C. § 1692g(a)(5) by failing to inform Plaintiff that Defendant need only provide creditor information to him if he so requested *in writing*. *See* Ex. A; *accord Osborn*, 821 F. Supp. 2d at 869-70 ("Every district court to consider the issue has held that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

63. Indeed, an oral dispute does not trigger any obligation under the FDCPA for Defendant to provide creditor information to Plaintiff, nor does it protect Plaintiff from continued collection activities pending such verification:

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added).

64. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter was sent to him personally, regarded his personal alleged debt, and failed to properly give him statutorily mandated disclosures to which he was entitled.

65. Section 1692g furthers the purpose of protecting debtors from abusive debt collection activity by requiring a debt collector who solicits payment from a consumer to provide that consumer with a detailed validation notice apprising him of his rights under

11

the law, which then allows the consumer to determine how best to proceed regarding the debt.

66. But the content of Defendant's March 31 letter created a material risk of harm to those concrete interests that Congress sought to protect in enacting the FDCPA.

67. Specifically, where a consumer is told that *any* request to the debt collector for more creditor information would result in the debt collector providing that information, such a misstatement creates the risk that the consumer will make his request orally (whether in person or over the telephone), rather than in writing, and thereby waive his rights under section 1692g(b) to (1) guarantee that the debt collector provide such information, and (2) cease any additional collection activities until it provides the information.

68. In other words, by not instructing Plaintiff to make his request for creditor information *in writing*—as the FDCPA requires—Defendant discouraged Plaintiff from exercising his statutory validation rights and, in so doing risked Plaintiff foregoing his protections under 15 U.S.C. § 1692g(b).

69. Defendant's March 31 letter thus presented a risk of harm to the FDCPA's goal of ensuring that consumers are free from deceptive debt collection practices because it provides misleading information about the manner in which Plaintiff can exercise his statutory right to obtain information regarding the original creditor, as an oral request has different legal consequences than a written request.

70. And here, Plaintiff was at risk of detrimentally relying upon Defendant's violative letter because upon reviewing the March 31 letter, Plaintiff did not understand that a written request within the validation period was required to trigger his rights under the FDCPA to obtain original creditor information from Defendant.

### Count III: Violation of the FDCPA, 15 U.S.C. § 1692e

71. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 46.

72. The FDCPA at 15 U.S.C. § 1692e commands that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

73. Defendant's March 31, 2021 communication contained several misrepresentations.

74. First, by failing to direct Plaintiff to submit a debt dispute in writing in order to obtain verification of the Debt, Defendant gave the misleading impression that a dispute of any type would have the same effect and carry the same weight, which is not true.

75. Because the FDCPA treats oral disputes differently from written disputes, Defendant encouraged Plaintiff to waive certain of his rights under the FDCPA by making an oral dispute, without explaining that any such oral dispute would not trigger the requirement that Defendant provide such verification, nor would it trigger other protections under section 1692g(b) that Defendant cease further collection activities until the verification is provided.

76. Second, by similarly failing to direct Plaintiff to submit a request for creditor information in writing, Defendant gave the misleading impression that a request in any form would have the same effect and carry the same weight, which again is not true.

77. Because the FDCPA treats oral requests for creditor information differently from written requests, Defendant encouraged Plaintiff to waive certain of his rights under the FDCPA by making an oral request, without explaining that any such oral request would not trigger the requirement that Defendant provide such creditor information, nor would it trigger other protections under section 1692g(b) that Defendant cease further collection activities until the creditor information is provided.

78. The misleading nature of Defendant's instructions for submitting a debt dispute or request for creditor information is exacerbated by Defendant's simultaneous directive to contact Defendant by telephone to "resolv[e] this matter." Ex. A.

79. In other words, at the same time Defendant failed to inform Plaintiff of the need to submit his debt dispute *in writing* if he wanted verification of the Debt, or to request creditor information *in writing* if he wanted information about the original creditor, Defendant simultaneously instructed him to contact Defendant *by telephone* to resolve the Debt.

80. Defendant's omission of statutorily required disclosures, coupled with its directive for Plaintiff to contact Defendant by a means accorded *less* protection under the law, encouraged Plaintiff to forego his statutory protections.

81. As a result, Defendant violated 15 U.S.C. § 1692e by making misleading representations in connection with the collection of the Debt.

82. The harm suffered by Plaintiff is particularized in that the violative initial debt collection letter at issue was sent to him personally, regarded his personal alleged debt, and misled him as to his rights under the law.

83. The content of Defendant's March 31 letter created a material risk of harm to Plaintiff's concrete interests that Congress sought to protect in enacting the FDCPA by making Plaintiff more likely to fall victim to abusive debt collection practices.

84. Specifically, when a consumer is told of his rights to submit a debt dispute or make a request for additional creditor information, without any further instruction, he is just as likely—if not more likely—to make that dispute or request orally—*e.g.*, by telephone—rather than in writing.

85. These misleading instructions put the consumer at a disadvantage in charting the proper course of action in response to the collection effort.

86. And here, Plaintiff was at risk of detrimentally relying upon Defendant's violative letter because upon reviewing the March 31 letter, Plaintiff did not understand that there was a distinction between the effects of a written dispute versus oral dispute, or the effects of a written request for creditor information versus an oral request.

87. Moreover, Plaintiff was injured by suffering the violation of his right to not be the target of misleading debt collection communications. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1116 (9th Cir. 2014).

**WHEREFORE**, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), and 1692e;

C. Awarding Plaintiff and members of the class statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the class any actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. §§ 1692g(a)(4), 1692g(a)(5), and 1692e with respect to Plaintiff and the class;

F. Awarding Plaintiff and members of the class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

G. Awarding Plaintiff and members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Awarding other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.


Respectfully submitted this 4th day of June, 2021.

By: *s/ Jesse S. Johnson*
Jesse S. Johnson*

* to seek admission *pro hac vice*